UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, | )<br>) |
| Plaintiff, | )   Case No. 1:07-cv-618<br>) |
| v. | )   Honorable Joseph G. Scoville<br>) |
| ORIENTAL FOREST IV, INC., d/b/a<br>ORIENTAL FOREST BUFFET, et al., | )<br>)   **MEMORANDUM OPINION**<br>) |
| Defendants. | )<br>) |

This is a civil action by the Secretary of Labor to enforce the Fair Labor Standards Act of 1938. On October 14, 2008, the Secretary filed a motion to compel, reciting that defendants Oriental Forest IV, Inc., Li Jin Vang and Dong Lin (the responding defendants) had failed to respond to interrogatories and requests for production of documents served on August 1, 2008. During the pendency of the motion, the responding defendants filed purported answers to plaintiff's discovery requests. (docket # 26). The court issued a notice of hearing informing the parties that responses to the Secretary's motion were due by October 31, 2008, and that the motion would be heard on November 5, 2008, at 10:30 a.m.

The responding defendants failed to file a response to the Secretary's motion, in violation of W.D. Mich. LCivR 7.1(a), and defendants failed to appear for the November 5, 2008 hearing. The hearing was attended only by counsel for the Secretary. The court has nevertheless examined the discovery responses filed by the responding defendants, and finds them to be

completely inadequate. First, the purported interrogatory answers are not filed under oath or subscribed by any client. Rather, they are signed only by counsel for the responding defendants. Rule 33 of the Federal Rules of Civil Procedure requires that interrogatories must be answered by the party to whom they are directed or, if the party is a corporation, by an officer or agent. FED. R. CIV. P. 33(b)(1). The signature of counsel is insufficient. Second, the rule requires that interrogatories must be answered "fully in writing under oath." FED. R. CIV. P. 33(b)(3). The purported answers by the responding defendants are not under oath. Third, the answers contain a number of boilerplate objections, which the court finds to be facially insufficient. Moreover, the responding defendants' failure to respond in a timely manner constituted a waiver of all objections. *See Drutis v. Rand McNally Co.*, 236 F.R.D. 325, 337 (E.D. Ky. 2006) (collecting cases); *see also Edgington v. VW Credit, Inc.*, No. 07-cv-10268-DT, 2007 WL 1577825, at * 1 (E.D. Mich. May 30, 2007). Finally, defendants dodge most of the interrogatories by asserting that the responsive information is in the possession of defendant Chang Kong Ni, who is represented by separate counsel. In the context of this case, this objection is nonsensical. The employees at issue were employed by the two defendant corporations. A responding corporation must "furnish the information available" to it in responding to interrogatories. FED. R. CIV. P. 33(b)(1)(B). A corporation necessarily has available to it its own books and records concerning its employees. The responding defendants' assertion, which is not supported by any affidavit or other factual material, is not a ground to avoid answering interrogatories.

In response to the requests for production of documents, the responding defendants similarly raised patently frivolous objections and again asserted that they do not have possession of any responsive document. The responding defendants assert, again without benefit of any affidavit

-2-

or other factual material, that all documents are in the possession of Chang Kong Ni. A party responding to a Rule 34 request is obliged to produce documents within that party's "possession, custody, or control." FED. R. CIV. P. 34(a)(1). A party is in control of documents when that party has the legal right to demand their production. *See In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Bourdganis v. Northern Trust Bank*, No. 08-cv-11282, 2008 WL 4615653, at * 3 (E.D. Mich. Oct. 16, 2008). By definition, a corporate party has the right to demand its own books and records and therefore must produce them in response to a Rule 34 request.

The court finds that the responding defendants have filed frivolous, evasive, and incomplete answers to the Secretary's discovery requests. The court will therefore enter an order under Rule 37(a) compelling the responding defendants to respond to the Secretary's interrogatories, fully, completely, and under oath, disclosing the knowledge of each corporate and individual defendant. The responding defendants will also be compelled to produce all corporate books and records responsive to the Secretary's request for production of documents. Rule 37 further requires the court to compel the disobedient party to pay reasonable expenses incurred by the moving party in making the motion. Defendants had an opportunity to respond to the Secretary's request for sanctions, but failed to avail themselves of that opportunity by failing to respond in writing to the Secretary's motion or to appear at the hearing. The court will award the Secretary attorney's fees for ten hours of time (two hours in preparation of the motion and supplement, seven hours of travel, and one hour for the hearing) at a modest hourly rate of $100.00.

The responding defendants will be warned that any violation of the discovery order, or future failure to abide by discovery obligations, may result in the imposition of any of the sanctions allowed by Rule 37(b). The utter failure of the responding defendants to cooperate in the

discovery process has impeded the orderly progression of this case and the Secretary's ability to prove her allegations. Nevertheless, the court is required to take a progressive discipline approach in addressing discovery abuses and to consider preclusive sanctions only when less drastic measures have proved ineffective. *See Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). The court hopes that the imposition of modest monetary sanctions and a warning will get the attention of the responding defendants and induce them to cooperate in the resolution of this case. If these measures prove futile, the court will consider entering a default judgment against the responding defendants or imposing any of the other sanctions allowed by Rule 37(b).

Finally, defendants' refusal to cooperate in the discovery process has impeded the Secretary's ability to prepare her case. The Secretary's request to extend the discovery period, for the Secretary alone, until January 16, 2009, will be granted. Discovery is now closed for the defendants, and will remain closed unless the defendants can show good cause to modify the case management order.

Dated:  November 6, 2008          /s/  Joseph G. Scoville
                                  United States Magistrate Judge