UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-618 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| ORIENTAL FOREST IV, INC., d/b/a | ) | |
| ORIENTAL FOREST BUFFET, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by the Secretary of Labor to enforce the Fair Labor
Standards Act of 1938. The Secretary has filed a motion for sanctions pursuant to Rule 37(b) of the
Federal Rules of Civil Procedure, requesting sanctions as a result of the failure of defendants
Oriental Forest IV, Inc., Li Jin Vang, and Dong Lin (the defaulting defendants) to obey this court's
discovery order entered November 6, 2008. The defaulting defendants failed to respond to the
Secretary's motion. The court set the matter for hearing on January 20, 2009, to afford the defaulting
defendants one last chance to explain their total neglect of this case. The defaulting defendants did
not appear.

For the reasons set forth below, the court determines that the entry of a default
judgment as a sanction under Fed. R. Civ. P. 37(b)(2)(A)(vi) is fully warranted in the circumstances
of this case.

**Findings of Fact**

1.       This is a civil action brought by the Secretary of Labor, alleging violations of

sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938.  Plaintiff's complaint asserts that

defendants violated the FLSA by paying many of their employees less than the federal minimum

wage, by failing to pay overtime for work weeks longer than forty hours, and by failing to keep

adequate employment records.  The Secretary seeks injunctive relief and an award of actual and

liquidated damages.

2.       On April 1, 2008, the court entered its case management order, establishing

various dates and deadlines, including a discovery deadline of October 31, 2008.  At the time of the

case management conference, all parties stipulated to the dispositive jurisdiction of a magistrate

judge pursuant to 28 U.S.C. § 636(c), and an order of reference was entered.

3.       On August 1, 2008, the Secretary served upon counsel for the defaulting

defendants a set of interrogatories and requests for production of documents.  The defaulting

defendants failed to respond to these discovery requests as required by Rules 33 and 34 of the

Federal Rules of Civil Procedure.  On October 14, 2008, the Secretary filed a motion to compel.

During the pendency of the motion, the defaulting defendants filed purported answers to plaintiff's

discovery requests.

4.       The court issued a notice of hearing informing the parties that responses to

the Secretary's motion to compel were due by October 31, 2008, and establishing a hearing on the

motion on November 5, 2008, at 10:30 a.m.  Counsel for the defaulting parties failed to respond to

the Secretary's motion, and no one appeared at the November 5, 2008 hearing on behalf of the

defaulting defendants.  The court convened the hearing on November 5, 2008, at which only counsel

for the Secretary appeared. At the hearing, the court examined the discovery responses filed by the

defaulting defendants and found them to be inadequate, evasive, and not in compliance with Rules

33 and 34.

       5.      On November 6, 2008, the court entered a memorandum opinion (docket #

30) and discovery order (docket # 31). The court's discovery order compelled the defaulting

defendants to file answers under oath to all outstanding discovery requests no later than December

5, 2008, and to serve all responsive documents within ten days thereafter. The court's order also

awarded the Secretary sanctions in the amount of $1,000.00, payable no later than November 16,

2008. The sanctions were designed to compensate the Secretary for ten hours of attorney time

expended in preparing and briefing the motion to compel and traveling from Chicago to Grand

Rapids, Michigan, for the hearing. The court also extended the time in which the Secretary could

complete discovery. The court's discovery order contained the following warning to the defaulting

defendants:

> Defendants are hereby warned that any violation of this order or failure to abide by
> the discovery obligations imposed by the Federal Rules of Civil Procedure may result
> in the imposition of a default judgment against them or any other sanction allowed
> by Fed. R. Civ. P. 37(b).

       6.      The defaulting defendants failed to pay sanctions as awarded by the court and

failed to comply with the requirements of the court's order concerning discovery. On December 22,

2008, the Secretary filed the pending motion for sanctions under Rule 37(b) of the Federal Rules of

Civil Procedure. Again, defendants failed to respond to the Secretary's motion, in violation of W.D.

Mich. LCivR 7.1(a). The court set the motion for hearing on January 20, 2008, to allow the

defaulting defendants one final chance to explain their conduct. The defaulting defendants failed

to appear at the January 20, 2009 hearing.  Only counsel for the Secretary appeared.  At the hearing,

counsel for the Secretary represented to the court that he had spoken to defense counsel by phone

and had informed him of the January 20, 2009 hearing, as well as impending deadlines in a

companion case.

7.      The complete failure of the defaulting defendants to comply with their

discovery obligations has severely prejudiced the Secretary's ability to prosecute this case.  The

Secretary, because of the nature of FLSA actions, must rely upon the books and records of the

employer defendant to establish both liability and damages.  The Secretary is now forced to rely upon

the results of the administrative investigation that preceded this case, which may or may not be

sufficient to establish the Secretary's case.

**Discussion**

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of

sanctions for a party's failure to obey an order requiring discovery.  Rule 37(b) sanctions are

discretionary, and are reviewed by the Court of Appeals under an abuse-of-discretion standard.  *See*

*Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997).  The strongest sanction available in the

court's arsenal for dealing with discovery abuses is the entry of a default judgment against a

defendant or an order of dismissal against a plaintiff.  *See Grange Mut. Cas. Co. v. Mack*, 270 F.

App'x 372, 376 (6th Cir. 2008).  In determining the appropriate sanction, the Sixth Circuit has

directed trial courts to consider four factors:  (1) whether the party's failure to cooperate in discovery

is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's

failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could

lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered.  103

F.3d at 1277; *accord Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55

(6th Cir. 1988).  "Although no one factor is dispositive, dismissal is proper if the record

demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir.

2002).

            All four factors weigh heavily in favor of entry of a default judgment with regard to

liability against the defaulting defendants.  First, the defaulting defendants have completely ignored

the Secretary's discovery requests, her informal efforts to procure discovery, and both her motion

to compel and motion for sanctions.  Defendants have likewise ignored this court's discovery order

of November 6, 2008, and have boycotted all court hearings at which the court could have taken into

account any difficulties that defendants face in complying with their discovery obligations.  Rather,

the defaulting defendants have ignored both the Secretary and the court.  On this record, the court

has no choice but to conclude that the defaulting defendants' failure to cooperate in discovery was

wilful and not caused by any factor beyond defendants' control.  Second, the Secretary has certainly

been prejudiced by the failure to cooperate in discovery, as the Secretary must rely in cases of this

nature on employer records, which the defaulting defendants have steadfastly refused to produce.

Third, the court specifically warned the defaulting defendants that failure to cooperate could lead to

the imposition of more severe sanctions.  Finally, less drastic sanctions were previously imposed.

The order of November 6, 2008, imposed a rather mild sanction in the amount of $1,000.00, both

to compensate the Secretary and to induce defendants' compliance with their discovery obligation.

The defaulting defendants have ignored the court's order, as well as the sanctions imposed therein.

It is likely that they will continue to ignore these proceedings.

This court generally resists the imposition of a default judgment as a discovery sanction, where a defendant has made some effort at complying with its obligations under the Rules of Civil Procedure. In the present case, however, the defaulting defendants have unilaterally impeded the ability of the Secretary to proceed and the ability of the court to adjudicate this matter on its merits. The court therefore concludes that the imposition of preclusive sanctions is fully justified in the circumstances of this case. The court further concludes that the Secretary should be compensated once again for her reasonable expenses in bringing the motion for sanctions, as the defaulting defendants have not established that their conduct was substantially justified or other circumstances making an award of expenses unjust. FED. R. CIV. P. 37(b)(2)(c).


Dated:   January 21, 2009                    /s/  Joseph G. Scoville
                                             United States Magistrate Judge